Filed 5/22/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| TERRI RAINES, | C083117 |
| Plaintiff and Appellant, | (Super. Ct. Nos. STK-CV-UOE-2014-0005703, 39-2014-00312169-CU-OE-STK) |
| v. | |
| COASTAL PACIFIC FOOD DISTRIBUTORS, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Linda L. Lofthus, Judge. Reversed in part and affirmed in part.

Mayall Hurley, William J. Gorham III and Nicholas J. Scardigli for Plaintiff and Appellant.

Weintraub Tobin Chediak Coleman Grodin, Charles L. Post, Brendan J. Begley, Meagan D. Bainbridge and James Kachmar for Defendant and Respondent.

1

After defendant Coastal Pacific Food Distributors, Inc. (Coastal Pacific) terminated plaintiff Terri Raines from her employment there, Raines sued Coastal Pacific for age and disability discrimination and other related claims. In addition, she sought recovery, both individually and in a representative capacity under the Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.),[1] for Coastal Pacific's failure to provide and maintain accurate wage statements as required by section 226, subdivision (a) (section 226(a) and its provisions). Raines appeals from a judgment in favor of Coastal Pacific after the trial court reversed its original ruling denying Coastal Pacific's motion for summary adjudication and instead granted the motion as trial was about to begin.

Raines contends triable issues of fact remain on her individual claim for statutory penalties under section 226, subdivision (e) (section 226(e) and its provisions). Section 226(e) authorizes an "employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)" to recover damages or statutory penalties. Raines contends there are triable factual issues as to whether she sustained an injury and whether Coastal Pacific's failure to provide accurate wage statements was knowing and intentional. She next contends the trial court erred in granting summary adjudication on her PAGA claim by improperly finding injury was required. Finally, she contends the trial court committed procedural error in reversing its original order denying summary adjudication.

We find merit only in the second contention. As we explain, a representative PAGA claim for civil penalties for a violation of section 226(a) does not require proof of injury or a knowing and intentional violation. This is true even though these two elements *are* required to be proven when bringing an individual claim for damages or

---

[1] Further undesignated statutory references are to the Labor Code.

2

statutory penalties under section 226(e). Because the trial court erroneously required proof of injury on the PAGA claim, the grant of summary adjudication was improper and we therefore reverse the judgment as to that claim.

## FACTUAL AND PROCEDURAL BACKGROUND

Coastal Pacific hired Raines as a billing clerk in 1998 and terminated her employment in 2014. Raines filed suit against Coastal Pacific, alleging age discrimination, disability discrimination, and related claims. As relevant here, the first amended complaint alleged Coastal Pacific failed to furnish Raines and other employees accurate itemized wage statements showing the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and failed to maintain copies of accurate wage statements, as required by section 226(a). Raines sought to recover both statutory penalties on an individual basis and civil penalties on a representative basis under PAGA, as well as attorney fees, costs, and interest.

Coastal Pacific filed a motion for summary judgment or summary adjudication, seeking dismissal of all of Raines's claims. While Coastal Pacific was successful with respect to many of the claims, the trial court denied summary adjudication as to the claim for age discrimination and failure to prevent age discrimination, and the claims for failure to furnish and maintain accurate wage statements. As to the Labor Code violations, the court found recovery under PAGA was permissible and there was a triable issue as to whether the information necessary to determine applicable hourly rates was on the pay stub.

The parties then settled the age discrimination claims, leaving only the section 226(e) and PAGA claims to be resolved.

The parties stipulated that from November 28, 2013, through February 28, 2015, the wage statements issued by Coastal Pacific did not include the overtime hourly rate of pay. Those wage statements did include both the number of overtime hours worked by

3

the employee and the total overtime pay. The parties further stipulated that Raines had provided notice to the Labor and Workforce Development Agency of her allegations of section 226 violations, a prerequisite for a PAGA claim.

The parties stipulated that before the issues of injury and a knowing and intentional violation, as those terms are defined in section 226(e), were submitted to the jury, the trial court should determine the legal issue of whether Raines was required to prove she suffered injury in order to obtain civil penalties under PAGA. If the court found proof of injury was not required to prove a PAGA claim, the parties stipulated there were 16,252 violations for failure to furnish an accurate wage statement, and zero violations for failure to maintain wage statements.

Coastal Pacific submitted a trial brief in which it argued that if the trial court determined a jury trial was appropriate, it should first resolve two legal questions. First, it argued the question of injury could be decided as a matter of law, asking the court to find the overtime hourly rate was "readily ascertainable" under the "reasonable person" standard because it required only simple math to calculate. Second, Coastal Pacific argued that if Raines were not entitled to statutory penalties under section 226(e) because of the absence of injury, she could not recover civil penalties under PAGA.

In her trial brief, Raines stated her remaining claims as (1) an individual claim for statutory penalties under section 226(e) for failure to furnish accurate wage statements; (2) an individual claim for statutory penalties under section 226(e) for failure to maintain copies of accurate wage statements; and (3) a representative PAGA claim for civil penalties for failure to furnish accurate wage statements. Raines argued the threshold issue of whether an injury was required for a PAGA claim had already been decided by the trial court in its ruling on the summary judgment motion.

4

The court ruled Raines had not suffered an injury, as required for the individual claim under section 226(e), because the hourly overtime rate could be determined from the wage statement by simple math. The court reversed its earlier decision on the motion for summary adjudication as to the causes of action pertaining to Labor Code violations.

Raines objected, claiming the trial court was granting an untimely motion for reconsideration and that it modified its summary adjudication order without notice to the parties. The court rejected these objections, finding it was not bound by its previous ruling. In its judgment in favor of Coastal Pacific, the court noted it was modifying its earlier order. It determined a reasonable person could determine the overtime hourly rate from the wage statement; consequently, there was no injury. Without an injury, the section 226(e) claim failed. The court found an injury was also necessary for the PAGA claim. Because the failure to furnish claim failed, so did the failure to maintain claim.

Raines moved for a new trial. The trial court denied the motion.

## DISCUSSION

## I

### *Section 226 and Its Enforcement*

Section 226(a) requires an employer to provide employees with an accurate itemized wage statement including nine specified items. One of the items to be included in the wage statement is "all applicable hourly rates in effect during the pay period." (§ 226(a)(9).) Here, the parties stipulated that Raines received wage statements that did not show the overtime hourly rate. Thus, it was undisputed there was at least a technical violation of section 226(a). The remaining issue is the remedy, if any.

There are three different potential remedies available for a violation of section 226(a): (1) actual damages or statutory penalties; (2) injunctive relief; and (3) civil penalties. First, "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

5

occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (§ 226(e)(1).) As discussed in detail *post*, the statute further defines "injury." Second, an employee may bring an action for injunctive relief to ensure compliance. (§ 226, subd. (h).) Third, there are civil penalties for a violation of section 226(a). Section 226.3 provides: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

There are two mechanisms for collecting civil penalties for labor law violations under PAGA, through the state and personally. "The State's labor law enforcement agencies—the Labor and Workforce Development Agency (LWDA) and its constituent departments and divisions—are authorized to assess and collect civil penalties for specified violations of the Labor Code committed by an employer." (*Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 370, fn. omitted.) The Legislature adopted PAGA to address the shortage of government resources to enforce labor laws. The solution was to permit an aggrieved employee to bring an action personally and on behalf of other current or former employees to recover civil penalties. (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 379-380 (*Iskanian*).) Section 2699, subdivision (a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA] or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." Of

6

the penalties recovered, 75 percent are distributed to the LWDA for enforcement and education; the remaining 25 percent is distributed to aggrieved employees. (§ 2699, subd. (i).)

"An employee plaintiff suing, as here, under [PAGA], does so as the proxy or agent of the state's labor law enforcement agencies. The act's declared purpose is to supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves. [Citation.] In a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the [LWDA]. [Citation.]" *(Arias v. Superior Court* (2009) 46 Cal.4th 969, 986.)

"The central provision of PAGA is section 2699. Subdivision (a) of the statute permits aggrieved employees to recover civil penalties that previously could be collected only by LWDA. [Citation.] In addition, to address violations for which no such penalty had been established, subdivision (f) of the statute created 'a default penalty and a private right of action' for aggrieved employees. [Citation.]" (*Home Depot U.S.A., Inc. v. Superior Court* (2010) 191 Cal.App.4th 210, 216.)

Raines sought recovery under the default provision of section 2699, subdivision (f), applicable where there is no existing civil penalty. While section 226(a) does not provide for civil penalties, section 226.3 provides civil penalties for a violation of section 226(a). Thus, her PAGA claim would fall under subdivision (a) of section 2699.**[2]** Federal courts disagree whether subdivision (a) or subdivision (f) of section 2699 applies where the allegation is the failure to provide adequate wage statements. Some courts have read section 226.3 to limit civil penalties to only those instances where the employer

---

**[2]** The significance of whether subdivision (a) or subdivision (f) of section 2699 is the applicable PAGA statute is amount of the penalty.

7

failed to provide *any* wage statement or to keep records. (*York v. Starbucks Corp.* (C.D.Cal., Nov. 1, 2012, No. CV 08-07919 GAF) 2012 U.S. Dist. Lexis 190239, at pp. *11-12; *Fleming v. Covidien, Inc.* (C.D.Cal., Aug. 12, 2011, No. ED CV-10-01487 RGK) 2011 U.S. Dist. Lexis 154590, at p. *7.) [3] We find more persuasive a decision that found section 226.3 sets out a civil penalty for *all* violations of section 226. (*Culley v. Lincare, Inc.* (E.D.Cal. 2017) 236 F.Supp.3d 1184, 1194.)

In construing a statute, we consider "the object to be achieved and the evil to be prevented by the legislation." (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159, superseded on another point as noted in *Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661, 664.) Section 226(a) is intended to require employers to provide an adequate wage statement, itemizing the information to be included, "to assist the employee in determining whether he or she has been compensated properly." (*Soto v. Motel 6 Operating, L.P.* (2016) 4 Cal.App.5th 385, 390.) Section 226.3 provides the civil penalty for failure to comply. In our view, LWDA would not be prohibited from seeking civil penalties for a grossly inadequate wage statement simply because the employer did provide a statement. Otherwise, the purpose of the statute would be thwarted.

In alleging a violation of section 226(a), Raines sought two different forms of recovery. "[A] PAGA plaintiff can collect civil penalties set out in § 226.3, and, if the wage statement violations create 'injury as a result of a knowing and intentional' violation, the statutory penalties set out in § 226(e)(1)." (*Culley v. Lincare, Inc., supra,* 236 F.Supp.3d at p. 1194.)

---

[3] Although California Rules of Court, rule 8.1115 generally does not permit citation of unpublished California cases, it does not prohibit citation of unpublished federal cases. (Cal. Rules of Court, rule 8.1115; *Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1096, fn. 18.)

We turn now to whether summary adjudication in favor of Coastal Pacific was proper as to either Raines's individual claim for statutory penalties or her representative (PAGA) claim for civil penalties from Coastal Pacific for its failure to provide accurate wage statements.

## II

### *Injury under Section 226(e)*

Raines contends the trial court erred in granting summary adjudication on her individual claim for statutory penalties under section 226(e) for the failure to provide an accurate wage statement, specifically the failure to provide the hourly overtime rate. She contends there are triable issues of fact as to whether she suffered injury as well as whether Coastal Pacific's failure was knowing and intentional.

Section 226(e) permits "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)" to recover the greater of actual damages or statutory penalties. "An employee is deemed to suffer injury" if the employer fails to provide accurate and complete information of the hourly rate, required by item (9), and "the employee cannot promptly and easily determine from the wage statement alone" the applicable hourly rate. (§ 226(e)(2)(B).) The statute defines "promptly and easily determine" to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information." (§ 226(e)(2)(C).)

For purposes of section 226(e), a plaintiff is "injured" "if the accuracy of any of the items enumerated in § 226(a) [including the hourly rate] cannot be ascertained from the four corners of the wage statement." (*Ovieda v. Sodexo Operations, LLC* (C.D.Cal., Oct. 3, 2013, No. CV 12-1750-GHK) 2013 WL 12122413 at p. *3.) An actual injury is shown where "there is a need for both additional documentation and additional mathematical calculations in order to determine whether Plaintiffs were correctly paid and what they may be owed." (*Reinhardt v. Gemini Motor Transport* (E.D.Cal. 2012)

9

879 F.Supp.2d 1138, 1142.)  In contrast, where the deficiency in the wage statement could be corrected by "simple math," there is no actual injury.  (*Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1143.)

In support of its motion for summary judgment or summary adjudication, Coastal Pacific provided excerpts of Raines's deposition.  In her deposition, Raines testified her wage statements showed when she worked overtime and the amount she was paid for overtime.  She could not normally do division in her head, but she knew how to use a calculator to perform division.  Coastal Pacific also provided a sample wage statement for Raines.  It showed that for the pay period of October 27, 2013, through November 2, 2013, Raines worked 1.5 hours of overtime and was paid $34.94.  Dividing 34.94 by 1.5 provides the hourly rate for overtime of $23.29.  Raines offered no evidence to dispute these facts.  "[W]here relevant facts are not in dispute, questions of fact may be decided as a matter of law in a summary judgment proceeding."  (*Wang v. Nibbelink* (2016) 4 Cal.App.5th 1, 28.)

Raines contends it cannot be said as a matter of law that a reasonable person can "readily ascertain" the hourly rate for overtime.  This is so, Raines argues, because determining the overtime hourly rate "presents a relatively complex mathematical problem that surely most people could not readily do in their heads."  The calculation would require the use of a calculator.

We reject this argument.  Here, one can determine the hourly overtime rate "from the wage statement alone."  (§ 226(e)(2)(B).)  It can be "promptly and easily" determined by simple arithmetic.  (*Ibid.*)  The mathematical operation required is division, which is taught in grade school.  Although many people cannot perform the calculation in their heads, it can be easily performed by use of a pencil and paper or a calculator; no additional documents or information are necessary.  (§ 226(e)(2)(C).)

Since Raines could not show a triable issue of fact as to the requisite injury, we, like the trial court, need not determine whether there was a triable issue of fact as to whether Coastal Pacific's failure to provide the hourly rate for overtime was knowing and intentional.

The trial court did not err in granting summary adjudication in favor of Coastal Pacific on Raines's individual claim for statutory penalties under section 226(e).

III

*Whether Injury is Required for PAGA Claim*

The trial court granted summary adjudication on Raines's PAGA claim because it found Raines was required to show injury for that representative claim as well as for the section 226(e) claim. Raines repeats her earlier contention that there is a triable issue of fact as to injury, and further contends that even if she cannot establish injury, injury is not required for the PAGA claim. Since we have rejected the first point, we now address the second.

Whether a PAGA claim for a violation of section 226(a) requires the same showing of injury as an individual claim for statutory penalties under section 226(e) is a question of statutory interpretation that we review de novo. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.)

Courts have reached different conclusions on this question. Two federal cases have found a PAGA claim based on violation of section 226 fails when a plaintiff has failed to establish the elements of section 226(e), including injury. These cases have labeled the PAGA claim "derivative," but provide no further analysis on the issue. (*Green v. Lawrence Serv. Co.* (C.D.Cal. 2013 No. LA CV12-06155 JAK) 2013 U.S. Dist. Lexis 109270, at pp. *41-43; *Elliot v. Spherion Pac. Work, LLC* (C.D.Cal. 2008) 572 F.Supp.2d 1169, 1181-1182 (*Elliot*).)

11

In contrast, in *McKenzie v. Federal Express Corp.* (C.D. Cal 2011) 765 F.Supp.2d 1222 (*McKenzie*), at page 1232, the district court found recovery under PAGA for a violation of section 226(a) did *not* require proving an injury under section 226(e). The court reasoned, "PAGA does not contain any language indicating that injury within the meaning of Labor Code section 226(e) must be shown." (*McKenzie,* at pp. 1231-1232.) The court relied on *Lopez v. G.A.T. Airline Ground Support, Inc.* (S.D.Cal., July 19, 2010, No. 09-CV-2268-IEG) 2010 U.S. Dist. Lexis 73029, which found that because section 226 does not provide a penalty, penalties under section 2699, subdivision (f) are available for a violation of section 226(a).[4] The *McKenzie* court reasoned that: (1) the plaintiff sought recovery under section 2699, subdivision (f); (2) section 2699.3 provides that such a civil action requires a violation of one of the provisions listed under section 2699.5; and (3) section 2699.5 listed subdivision (a) of section 226, but not subdivision (e). Therefore, the court concluded that to recover a PAGA penalty, one need only prove a violation of subdivision (a) of section 226, not subdivision (e) with its injury requirement. (*McKenzie,* at p. 1232.)[5]

Other federal courts have followed *McKenzie* on this point. (*Willner v. Manpower Inc.* (N.D.Cal. 2014) 35 F.Supp.3d 1116, 1136; *Aguirre v. Genesis Logistics* (C.D.Cal.,

---

[4] We do not find *Lopez v. G.A.T. Airline Ground Support* persuasive on the issue before us. It did not consider subdivision (e) of section 226 and its injury requirement and the court found a violation of section 226(a) by relying on case law that predates the adoption of subdivision (e).

[5] The second portion of the *McKenzie* court's analysis is incorrect. Section 2699.3 sets forth the notice requirements for a PAGA action. There are different requirements depending on the type of labor law violation. Subdivision (a) of section 2699.3 speaks to the requirements for noncurable violations, those set forth in section 2699.5. Subdivisions (b) and (c) set forth the requirements for other violations. Thus, PAGA actions are not limited to the violations set forth in section 2699.5. While we recognize this error in *McKenzie's* analysis, we do not believe the error affects the soundness of its conclusion.

July 3, 2013, No. SACV 12-00687-JVS) 2013 U.S. Dist. Lexis 189815, at p. *28; *York v. Starbucks Corp.*, *supra*, 2012 U.S. Dist. LEXIS 190239, at pp. *11-12.)

After briefing in this case was complete, Division 1 of the First District addressed the question of whether the requirements of section 226(e) applied to a PAGA claim for a violation of section 226(a) in *Lopez v. Friant & Associates, LLC* (2017) 15 Cal.App.5th 773 (*Lopez*). The parties provided us with supplemental briefs addressing *Lopez*.

In *Lopez*, the plaintiff filed suit alleging a single cause of action, a PAGA claim for failure to include the last four digits of the employee's social security number or an employee identification number on the itemized wage statement, as required by section 226(a)(7). (*Lopez, supra,* 15 Cal.App.4th at p. 776.) The defendant employer moved for summary judgment contending the plaintiff had not shown injury from a knowing and intentional violation. The trial court granted the motion, finding no triable issue of fact as to whether the violation was knowing and intentional; the court did not address injury. (*Id.* at p. 777.)

The appellate court reversed, holding "a plaintiff seeking civil penalties under PAGA for a violation of section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1)." (*Lopez, supra,* 15 Cal.App.4th at p. 788.) The court began its analysis with the plain language of the applicable statutes. It reasoned that PAGA was concerned only with civil penalties, while section 226(e) provided for damages or statutory penalties. (*Lopez,* at p. 780.) Case law has distinguished between statutory penalties and civil penalties. "The civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities." (*Iskanian*, *supra,* 59 Cal.4th at p. 381.) Only penalties that are expressly denominated civil penalties are subject to PAGA. (*Lopez,* at p. 781, citing *Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 579 ["The PAGA is limited to the recovery of *civil* penalties."]) The court found support for its plain language analysis in the legislative history that showed

13

section 226(e) authorized a private right of action for statutory damages or penalties and not a civil penalty. (*Lopez,* at pp. 781-784.)

The *Lopez* court noted its conclusion was consistent with that of many federal cases, citing *McKenzie, supra,* 765 F.Supp.2d 1222; *Willner v. Manpower, Inc., supra,* 35 F.Supp.3d 1116; *Gaasterland v. Ameriprise Fin. Serv., Inc*. (N.D.Cal., Sept. 15, 2016, No. 16-CV-03367-LHK) 2016 U.S. Dist. Lexis 126648 [§ 226(e) does not apply to PAGA claim for violation of § 226(a)]; *Stafford v. Brink's, Incorporated* (C.D.Cal., Aug. 5, 2014, No. CV-14-1352-MWF) 2014 U.S. Dist. Lexis 194677 [PAGA claim based on violation of § 226 does not require showing of knowing and intentional injury]; *Burnham v. Ruan Transportation* (C.D.Cal., Aug. 30, 2013, No. SACV 12-0688 AG) 2013 U.S. Dist. Lexis 198505 [plaintiffs must prove injury to recover damages under § 226, but not to recover PAGA penalties].) (*Lopez, supra,* 15 Cal.App.4th at p. 785.)

We agree with the conclusion of *Lopez* and the federal cases it cites that the requirements for a section 226(e) claim do not apply to a PAGA claim for a violation of section 226(a). In this context, PAGA is concerned with collecting civil penalties for the violation of section 226(a), not the damages or statutory penalties provided for in section 226(e). As we explain, *post*, we find additional support for this conclusion beyond the reasoning of *Lopez.*

Coastal Pacific urges this court not to follow *Lopez.* First, it contends the issue of whether injury was required for a PAGA claim was not before the trial court in that case, as the *Lopez* trial court rested its decision on only the knowing and intentional requirement of section 226(e) and the *Lopez* appellate court needed to address only that issue to resolve the appeal. We see no principled reason to distinguish between the two different requirements of section 226(e) of injury and a knowing and intentional violation and Coastal Pacific offers none. We agree with the *Lopez* court that its analysis applies equally to both requirements.

14

Second, Coastal Pacific faults the *Lopez* decision for failing to discuss the federal cases that found there was no violation of section 226(a) without an injury. The trial court in the instant case followed *Green v. Lawrence Serv. Co.*, *supra,* 2013 U.S. Dist. Lexis 109270 and *Elliot, supra*, 572 F.Supp.2d 1169, which found injury was required due to the "derivative" nature of a PAGA claim. The trial court summarized these cases and *Price v. Starbucks Corp., supra,* 192 Cal.App.4th 1136: "In effect, these courts are interpreting and applying the statute to say that 'no injury' amounts to 'no violation.' "

We disagree that " 'no injury' amounts to 'no violation.' " A PAGA claim for a violation of section 226(a) seeks to recover civil penalties. Those civil penalties are provided for in section 226.3. That section provides: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake."

Section 226.3 permits the Labor Commissioner to take into consideration whether the section 226(a) violation was inadvertent. Under section 226(e), an employer may bring an individual suit for damages or statutory penalties only for "a knowing and intentional failure by an employer to comply with subdivision (a)." The civil penalty has no "knowing and intentional" requirement because inadvertence is only a factor to consider, not a disqualifying condition. Because section 226.3 clearly does not include the knowing and intentional requirement of section 226(e), there is no reasoned basis to import the injury requirement of section 226(e) to the civil penalty. We agree with *Green*

15

and *Elliot* that a PAGA claim is derivative, but it is derivative of section 226(a) and section 266.3, not section 226(e).

Both the trial court and Coastal Pacific justify their interpretation by questioning why the Legislature would permit civil penalties for a violation of section 226(a) that did not cause injury, when it does not permit damages (or statutory penalties) in such a case. But damages and civil penalties have different purposes; these different purposes may well explain the Legislature's reasoning. Damages are intended to be compensatory, to make one whole. (See Civ. Code, § 3281.) Accordingly, there must be an injury to compensate. On the other hand, "Civil penalties, like punitive damages, are intended to punish the wrongdoer and to deter future misconduct." (*People v. First Federal Credit Corp.* (2002) 104 Cal.App.4th 721, 732.) An act may be wrongful and subject to civil penalties even if it does not result in injury.

Further, we note that a trial court has discretion in awarding civil penalties and may reduce the award for technical violations that cause no injury. "In any action by an aggrieved employee seeking recovery of a civil penalty available under subdivision (a) or (f), a court may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." (§ 2699, subd. (e)(2); see *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1135-1136 [no abuse of discretion to reduce penalty by 30 percent].) The court is also directed to consider whether the violation was inadvertent in assessing penalties. (§§ 226.3; 2699, subd. (e)(1); *Heritage Residential Care, Inc. v. Division of Labor Standards Enforcement* (2011) 192 Cal.App.4th 75, 82 [§ 226.3 "envisions a two-part analysis: first, a *mandatory* consideration of whether the violation was inadvertent; second, if inadvertence is found, a *discretionary* decision about whether to penalize a first violation"].)

16

At oral argument, Coastal Pacific cited to two new cases that it asserted supported its position that a derivative PAGA claim requires injury.[6] Coastal Pacific contends that *Kim v. Reins Int'l California, Inc.* (2017) 18 Cal.App.5th 1052, review granted March 20, 2018 (*Kim*) and *Harris v. Best Buy Stores, L.P.* (N.D.Cal., Feb. 20, 2018, No. 17-cv-00446-HSG) 2018 U.S. Dist. Lexis 28079 (*Harris*) hold that when an individual claim of a Labor Code violation fails, the derivative PAGA claim must fail as well. We find *Kim* and *Harris* speak to the issue of standing to bring a PAGA claim and thus are inapposite here.

Under PAGA, an "aggrieved employee" may bring suit for civil penalties for Labor Code violations. (§ 2699, subd. (a).) An "aggrieved employee" is any person employed by the alleged violator and against whom an alleged violation has been committed. (*Id.,* subd. (c).) In both *Kim* and *Harris*, the PAGA claim was dismissed because the plaintiff was not an "aggrieved employee"; no Labor Code violation had been committed against him. In *Kim*, plaintiff had settled and voluntarily dismissed his wage and hour claim; the court held after a voluntary dismissal, Kim was no longer an "aggrieved employee." (*Kim, supra,* 18 Cal.App.5th at p. 1059.) In *Harris,* plaintiff's overtime wage claim had been dismissed with prejudice in a prior action. (*Harris, supra,* 2018 U.S. Dist. Lexis 28079, at p. *28.) Both cases concern the need for a Labor Code violation, not whether the employee suffered "injury" under section 226(e)(2)(B). Here, it is undisputed that a Labor Code violation (failure to provide overtime rate) had been committed against Raines.

Finally, Coastal Pacific argues the Legislature never intended to permit PAGA plaintiffs to "slice up the Labor Code." It argues that if section 226(a) is separated from section 226(e) for PAGA claims, then PAGA penalties could be recovered from

---

[6] Coastal Pacific did not supply this court (and opposing counsel) with notice of the new authority as provided for in California Rules of Court, rule 8.254.

employers excluded from such penalties in subdivisions (d) (babysitters and the like) and (i) (governmental entities) of section 226 because PAGA does not mention those subdivisions. We find no merit in this argument. Both subdivisions (d) and (i) begin: "This section does not apply . . . ." Thus, employers described in these subdivisions cannot violate section 226(a); these subdivisions are exceptions thereto. By contrast, section 226(e) does not provide an exception to section 226(a); instead, it provides a private right of action for damages or statutory penalties, as long as certain conditions (injury and a knowing and intentional violation) are met.

Because the trial court incorrectly found an employee must suffer an injury in order to bring a PAGA claim, it erred in granting summary adjudication on Raines's PAGA claim.

IV

*Alleged Procedural Errors*

Raines contends the trial court erred procedurally in reversing its previous order denying Coastal Pacific's motion for summary adjudication on the labor law violations. Raines contends the court was required to solicit briefing and hold a hearing before changing its order. Instead, according to Raines, the court improperly granted an untimely motion for reconsideration.

Raines relies on *Le Francois v. Goel* (2005) 35 Cal.4th 1094 (*Le Francois*), a case she claims has "circumstances nearly identical to those present in this matter." In *Le Francois,* the trial court denied defendants' motion for summary judgment. Over a year later, individual defendants filed a new motion for summary judgment based on the same grounds as the first. The motion was transferred to another judge who granted it. (*Id*. at p. 1097.) Our Supreme Court held the trial court erred in granting the second motion. (*Id*. at p. 1109.) *Le Francois* interpreted the procedural statutes "as imposing a limitation on the parties' ability to file repetitive motions, but not on the court's authority to reconsider its prior interim rulings on its own motion." (*Id.* at p. 1105.) "Unless the

18

requirements of [Code of Civil Procedure] section 437c, subdivision (f)(2), or 1008 are satisfied, any action to reconsider a prior interim order must formally begin with the court *on its own motion*. To be fair to the parties, if the court is seriously concerned that one of its prior interim rulings might have been erroneous, and thus that it might want to reconsider that ruling on its own motion—something we think will happen rather rarely—it should inform the parties of this concern, solicit briefing, and hold a hearing." (*Id.* at p. 1108.)

Here, the judgment indicates the trial court reversed its prior order on the motion for summary judgment or summary adjudication "on its own motion." *Le Francois* holds the court had inherent authority to do so. (*Le Francois, supra,* 35 Cal.4th at p. 1105.) This change of mind came after the parties filed trial briefs and stipulated that the court should decide the legal question of whether a PAGA claim required an injury. We need not decide if the court provided proper notice and a hearing before changing its ruling because Raines cannot show any prejudice. A trial court's judgment may not be set aside for procedural error unless the error has resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.) We have independently reviewed the court's rulings, after full briefing by the parties and an opportunity to be heard, both as to the individual section 226(a) claims and the representative PAGA claim. Therefore, any error as to proper notice or hearing has been cured.

Raines argues we should not require a miscarriage of justice because *Le Francois* did not. There, the dissent argued the case should be affirmed due to lack of prejudice because the trial court had authority to grant the summary judgment motion on its own motion. (*Le Francois, supra,* 35 Cal.4th at pp. 1109-1110 (conc. & dis. opn. of Kennard, J.).) The majority rejected this argument because the plaintiff had no notice of the reconsideration and it was unknown what response he might have made. (*Id.* at p. 1109, fn. 6.) The circumstances here are different. We have decided the same issues that were

19

considered by the trial court in the motion for summary adjudication; the *Le Francois* court did not.

**DISPOSITION**

The judgment is reversed as to the PAGA claim only.  In all other respects, the judgment is affirmed.  The parties shall bear their own costs on appeal.  (See Cal. Rules of Court, rule 8.278(a)(3).)


                                                            /s/
                                                    Duarte, J.



We concur:



        /s/
Raye, P. J.



        /s/
Renner, J.

20
