Filed 9/8/25; Certified for Publication 10/1/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JIMMY KASHANIAN et al.,<br><br>      Plaintiffs and Appellants,<br>v.<br>NATIONAL ENTERPRISE<br>SYSTEMS, INC.,<br><br>      Defendant and Respondent. | A171046<br><br>(Lake County<br>Super. Ct. No. CV-416920) |

Jimmy Kashanian is the named plaintiff in a consumer class action against National Enterprise Systems, Inc. (National Enterprise). The action alleges National Enterprise violated the Consumer Collection Notice law (Civ. Code, § 1812.700 et seq.; Collection Notice law; undesignated statutory references are to this code) and the Rosenthal Fair Debt Collection Practices Act (§ 1788 et seq.; Rosenthal Act) by providing consumer debt collection notices that fail to conform to requirements concerning type size. The action seeks statutory damages under the Rosenthal Act. The trial court granted summary judgment to National Enterprise after determining Kashanian failed to allege any actual injury and thus lacked standing to pursue statutory damages. On appeal, Kashanian argues that standing for a plaintiff seeking statutory damages under the Collection Notice law and

1

Rosenthal Act arises from a debt collector's violation of those statutes, not from the plaintiff's suffering of actual injury. We agree and reverse.

## BACKGROUND

Kashanian defaulted on credit payments, and his debt was assigned to third party debt collector National Enterprise. National Enterprise sent Kashanian a collection letter containing mandatory language — notifying him of rights as a debtor under state and federal law — in eight-point type, smaller than the type size used to inform him of his specific debt.[1]

Kashanian filed an amended complaint on behalf of himself and a proposed class alleging the collection notices failed to comply with the type-size requirements — use of at least the same type size used to inform him of his specific debt — in the Collection Notice law, and hence violated the Rosenthal Act. (§§ 1812.701, subd. (b), 1812.702.) He sought statutory damages, attorney fees and costs, and an order enjoining National Enterprise from violating the Collection Notice law.

National Enterprise moved for summary judgment, arguing Kashanian and the class lacked standing because of a failure to allege or demonstrate any actual injury resulting from the noncompliant notice. The trial court

---

[1] Third party debt collectors must send a notice containing the following language: "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov." (§ 1812.700, subd. (a).)

agreed.  It acknowledged that failing to provide collection notices using prescribed type size, as here, violates the Rosenthal Act.  But it concluded civil liability under 15 U.S.C. section 1692k (section 1692k) — the federal Fair Debt Collection Practices Act (FDCPA; 15 U.S.C. § 1692 et seq.) provision that the Rosenthal Act incorporates — cannot be imposed when there is no alleged harm, injury, or loss, or reasonably foreseeable risk of harm, injury, or loss due to the violation.  The court reasoned that damages are "compensation derivative for an underlying injury, harm, or loss and not simply based on the fact of a violation."  Because Kashanian and the class did not allege or demonstrate any actual impacts from the violation of type-size requirements, they lacked standing to pursue damages.  The court granted National Enterprise's motion for summary judgment.

## DISCUSSION

Kashanian contends the trial court erred in granting summary judgment because standing under the Rosenthal Act arises from National Enterprise's statutory violations rather than from the resulting actual injury. We agree.

A trial court must grant summary judgment if the moving party shows there are no triable issues of material fact and they are entitled to judgment as a matter of law.  (*Duffey v. Tender Heart Home Care Agency, LLC* (2019) 31 Cal.App.5th 232, 240–241; Code Civ. Proc. § 437c, subds. (a), (c).) Defendants may obtain summary judgment "by showing . . . the plaintiff lacks standing," "a fatal jurisdictional defect that requires judgment against the plaintiff."  (*Lickter v. Lickter* (2010) 189 Cal.App.4th 712, 736; *Scott v. Thompson* (2010) 184 Cal.App.4th 1506, 1510.)  Standing "ensures that 'courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor.' "

3

(*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 83 (*Kim*).) Infringement of a statutory right "may qualify as a legitimate claim of beneficial interest sufficient to confer standing" on a party. (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 314–315.) Whether a statutory provision confers standing is a question of law. (*Neil S. v. Mary L.* (2011) 199 Cal.App.4th 240, 249.) When interpreting a statute, we give its words their plain, ordinary meaning and consider them in the context of the entire statutory framework to effectuate the Legislature's purpose. (*Kim*, at p. 83.) We independently review a summary judgment ruling and issues of statutory construction. (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 531.)

Under the Collection Notice law, third party debt collectors must provide debtors a notice informing them of certain rights. (§ 1812.700, subd. (a).) Violations of that law also constitute violations of the Rosenthal Act. (§ 1812.702.) In turn, that act requires debt collectors to comply with certain provisions of the FDCPA. (§ 1788.17 ["every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of [15 U.S.C.] Sections 1692b to 1692j"]; 15 U.S.C. § 1692 et seq.) The Rosenthal Act also imposes liability for violations. (See, e.g., § 1788.30, subds. (a)–(b).)[2] Relevant here, debt collectors are subject "to the remedies in Section 1692k." (§ 1788.17; *Timlick v. National Enterprise Systems, Inc.* (2019) 35 Cal.App.5th 674, 681; *Alkan v. Citimortgage, Inc.* (N.D.Cal. 2004)

---

[2] Although not at issue here, section 1788.30, subdivision (a) makes debt collectors who violate the Rosenthal Act liable to the debtor "in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation." Debt collectors who willfully and knowingly violate the act are liable to the debtor for actual damages sustained due to the violation as well as a penalty in an amount between $100 and $1000, to be determined by the court. (§ 1788.30, subd. (b).)

336 F.Supp.2d 1061, 1065 [the Legislature "simply incorporated by reference the text of certain federal provisions into the [Rosenthal Act], rather than copying them verbatim into the California code"].)

Section 1692k renders a debt collector liable to individual persons "in an amount equal to the sum of—[¶] (1) any actual damage sustained by such person as a result of such failure; [¶] (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000." (§ 1692k(a)(1)–(2)(A).) For class actions, a debt collector is liable for "(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector." (§ 1692k(a)(2)(B).)

The Rosenthal Act "authorizes consumers who receive noncompliant collection letters to sue for the violation of their statutory rights, and nothing in the statute suggests that any injury beyond the noncompliance is required to impose civil liability per named plaintiff." (*Chai v. Velocity Investments, LLC* (2025) 108 Cal.App.5th 1030, 1040 (*Chai*) [construing similar provisions of California's Fair Debt Buying Practices Act (§ 1788.50 et seq.)].) The Legislature has deemed a violation to be "an injury sufficient to confer standing—independent of actual damages—and provide[d] a modest monetary award as a remedy . . . for those motivated to pursue it." (*Ibid.*; *Kim*, *supra*, 9 Cal.5th at p. 84 [standing based on violation of statute].) Section 1692k distinguishes between "any actual damage" resulting from a Rosenthal Act violation and statutory damages — additional damages that the court may allow. (§ 1692k(a)(2)(A)–(B); *Guracar v. Student Loan Solutions, LLC* (2025) 111 Cal.App.5th 330, 348 (*Guracar*) ["the FDCPA

5

provides for recovery of actual damages in addition to statutory damages"].)
Individuals are "entitled to actual damages if '[a]ny'—and without
limitation." (*Chai*, at p. 1038; *Estate of Griswold* (2001) 25 Cal.4th 904, 915–
916 [same construction applies to identical or substantially similar statutory
language regarding the same or analogous subject].) That is, a debt collector
is only liable for *actual damages* if any exist. But by declaring a debt
collector liable for "the sum of" actual and statutory damages, section 1692k
"signifies that actual damages only *add*" to their liability, and "not that the
absence of actual damages negates" liability. (*Chai*, at p. 1038, italics added.)
The provision thus authorizes a court to award statutory damages to a
debtor, even in the absence of actual damage. (*Ibid*.)

The factors that section 1692k requires courts to consider when
awarding statutory damages in a class action — "the frequency and
persistence of noncompliance by the debt collector, the nature of such
noncompliance, the resources of the debt collector, the number of persons
adversely affected, and the extent to which the debt collector's noncompliance
was intentional" — undergird our conclusion. (§ 1692k(b)(2).) Rather than
assessing the extent of the debtor's actual harm, these factors evaluate the
debt collector's culpability. (*Baker v. G.C. Services Corp.* (9th Cir. 1982)
677 F.2d 775, 780–781.) And the range of available awards based on these
factors — "such amount as the court may allow," but capped at the lesser of
$500,000 or 1 percent of the debt collector's net worth — indicates that
statutory damages are not intended to reflect actual harm. (*Ibid*.)

Had "the Legislature intended to limit standing to plaintiffs who
had sustained actual damages, it could have done so." (*Chai, supra*,
108 Cal.App.5th at p. 1040.) For example, some consumer protection statutes
only permit claims by those who sustain injuries from violations. (Compare

6

§§ 1788 et seq., 1812.702 with §§ 1780, subd. (a) [authorizing any "consumer who suffers any damage" to bring an action under the Consumer Legal Remedies Act], 1789.35, subd. (g) ["[a]ny person who is injured by any violation" of provisions governing check cashiers "may bring an action for the recovery of damages"].) We presume the Legislature intentionally omitted such language from the Rosenthal Act, and we will not read it back in. (*People v. Connor* (2004) 115 Cal.App.4th 669, 691.) Because a debt collector's violation of the Rosenthal Act makes them liable for statutory damages — regardless of whether there were actual damages — we conclude a statutory violation is sufficient to confer standing upon a consumer. (*Guracar*, *supra*, 111 Cal.App.5th at pp. 348–349.)

National Enterprise disagrees, but their arguments are not well taken. First, relying on *Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667 (*Raines*) and *Limon v. Circle K Stores Inc.* (2022) 84 Cal.App.5th 671 (*Limon*), it notes section 1692k refers to damages — which it argues are intended to compensate for injuries — rather than penalties — which it suggests are intended to deter and punish wrongdoers. (*Raines*, at pp. 679–680 [distinguishing between statutory and civil penalties to determine a claim for civil penalties did not require proof of injury]; *Limon*, at p. 700 [assessing standing under the federal Fair Credit Reporting Act (FCRA; 15 U.S.C. § 1681 et seq.)].) According to National Enterprise, availability of "penalties" would confer standing whether or not the plaintiff suffered any actual injury, but use of the term "damages" requires plaintiffs to have an injury in fact to have standing.[3]

---

[3] The FCRA authorizes a federal agency to commence a civil action to recover *civil penalties* — separate and distinct from provisions authorizing actual or statutory damages. (*Limon*, *supra*, 84 Cal.App.5th at pp. 700–701; 15 U.S.C. § 1681s(a)(2)(A).) Similarly, the Labor Code provision at issue in

7

We are dubious.  National Enterprise — narrowly construing the word "damages" in section 1692k without considering the broader statutory context — asserts the statutory damages are compensatory.  To the contrary, this is one of "many instances, such as with exemplary or punitive damages," in which " 'statutory damages serve to motivate compliance with the law and punish wrongdoers.' " (*Guracar*, *supra*, 111 Cal.App.5th at p. 345.)  As discussed above, the types of damages available in a FDCPA class action include "actual damage" — those "intended to be compensatory, to make one whole" — and "additional damages" — those "based on enumerated 'relevant factors' untethered from economic injury to the class or any member." (§ 1692k(a)(1)–(2)(B); *Raines*, *supra*, 23 Cal.App.5th at p. 681; *Chai*, *supra*, 108 Cal.App.5th at p. 1039.)  These "additional damages" were intended to " 'deter violations by imposing a cost on the defendant even if his misconduct imposed no cost on the plaintiff,' " thus affording consumers protection. (*Gonzales v. Arrow Financial Services, LLC* (9th Cir. 2011) 660 F.3d 1055, 1067.)  Section 1692k "does not prescribe statutory damages as a disjunctive *alternative* to 'actual damages.' " (*Chai*, at p. 1042.)  Instead, such damages are punitive — " 'intended to punish the wrongdoer and to deter future misconduct' " — rather than compensating for an actual injury.  (*Raines*,

---

*Raines* subjects employers to *civil penalties* for wage statement violations in addition to actual or statutory penalties.  (*Raines*, *supra*, 23 Cal.App.5th at pp. 679–680; Lab. Code, § 226.3.)  Although section 1692k does not separately provide for civil penalties, its statutory damages serve the same purpose — the FDCPA "is a consumer protection statute and was intended to permit, even encourage, attorneys . . . to act as private attorney[s] general[] to pursue FDCPA claims." (*Evon v. Law Offices of Sidney Mickell* (9th Cir. 2012) 688 F.3d 1015, 1031.)

at p. 681; *Chai*, at p. 1039.)[4] The Rosenthal Act does not require a debtor to plead or prove injury to have standing to seek such damages.

*Limon* is inapposite. The FCRA provision at issue in that case authorizes a court to award "any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000." (15 U.S.C. § 1681n(a)(1)(A), italics added.) By authorizing actual *or* statutory damages rather than both, the court explained, the statutory damages provision was "designed to provide redress where damages are 'difficult or impossible to quantify or prove' " — *compensation* for hard to ascertain but still concrete harm — and not additionally provide penalties for FCRA violations. (*Limon, supra*, 84 Cal.App.5th at p. 703.) Thus, the court concluded the FCRA did not confer standing on persons who had not suffered *any* injury. (*Ibid*.) In contrast, the statutory damages in section 1692k are punitive, and a statutory violation is sufficient to confer standing.

That the Rosenthal Act imposes a "penalty" in individual actions for a debt collector's willful and knowing violation does not establish that the Legislature intended — when incorporating section 1692k — a different meaning for "damages." (§ 1788.30, subd. (b) [debt collector liable "for a penalty in such amount as the court may allow, which shall not be less than

---

[4] Notably, in *Raines* the actual damages or statutory penalties for individual plaintiffs under the Labor Code were tied to a defined injury — an employee is injured if the employer fails to provide complete and accurate information regarding the hourly rate, and " 'the employee cannot promptly and easily determine from the wage statement alone' " the applicable hourly rate. (*Raines, supra*, 23 Cal.App.5th at p. 676; Lab. Code, § 226, subd. (e)(1)–(2)(B) [authorizing recovery of the greater of actual damages or statutory penalties].) The court determined the plaintiff could not bring a claim for those damages because she did not demonstrate injury. (*Raines*, at pp. 676–677.) No comparable provision exists here.

one hundred dollars ($100) nor greater than one thousand dollars ($1,000)"].) Section 1788.17, governing compliance with federal provisions, provides that "[n]otwithstanding any other provision of this title, every debt collector . . . shall be subject to the remedies in Section 1692k." The phrase " ' "[n]otwithstanding any other provision of law" ' " has a " 'broad and unambiguous scope' . . . 'overrid[ing] the application, if any, of [contradictory law].' " (*Timlick v. National Enterprise Systems, Inc.*, *supra*, 35 Cal.App.5th at p. 686.) Consequently, the Legislature intended the section 1692k remedies to have the same meaning under the Rosenthal Act as they do under the FDCPA — statutory damages are intended as penalties to deter violations and no injury is required to seek those damages. (*Gonzales v. Arrow Financial Services, LLC*, *supra*, 660 F.3d at pp. 1065, 1067.)

We also decline National Enterprise's invitation to graft the federal standing requirements articulated in article III of the U.S. Constitution — plaintiffs must demonstrate a concrete, particularized injury rather than simply invoking a statutory violation — onto this action. (*TransUnion LLC v. Ramirez* (2021) 594 U.S. 413, 426 [procedural violation of the FCRA does not establish concrete harm required for article III standing]; *Spokeo, Inc. v. Robins* (2016) 578 U.S. 330, 342 [same].) California courts are not constrained by article III standing. (*Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1117, fn. 13.) Our standing "requirements are less stringent than those imposed by federal law." (*Langford v. Superior Court* (1987) 43 Cal.3d 21, 36, fn. 6 (conc. & dis. opn. of Bird, C. J.).) We are unpersuaded by National Enterprise's assertion that *Boorstein v. CBS Interactive, Inc.* (2013) 222 Cal.App.4th 456, 466–467 — requiring a statutory injury to have standing regardless of the remedies sought — adopted standing requirements consistent with *Spokeo*. Unlike here, the statute at issue in *Boorstein*

required proof of injury to establish standing. (*Id.* at p. 466 [" '[a]ny customer injured by a violation . . . may institute a civil action to recover damages' "]; § 1798.84, subd. (b).) But as discussed above, the Legislature may instead, as here, elect to authorize standing to sue absent concrete injury. (*Kim, supra,* 9 Cal.5th at p. 84.)

Finally, we observe that the Legislature added section 1788.17 — incorporating section 1692k — in 1999, after federal courts had interpreted the FDCPA to permit recovery of statutory damages absent concrete harm. (E.g., *Baker v. G. C. Services Corp., supra,* 677 F.2d at p. 780 ["no indication in the statute that award of statutory damages [under § 1692k] must be based on proof of actual damages"]; *Gonzales v. Arrow Financial Services, LLC, supra,* 660 F.3d at p. 1068 ["Statutory damages under [the FDCPA and the Rosenthal Act] are not tied in any way to actual losses suffered by the plaintiff"]; Stats. 1999, ch. 319, § 2.) It was thus aware of the "existing laws and judicial decisions" and enacted section 1788.17 based on that understanding. (*People v. Overstreet* (1986) 42 Cal.3d 891, 897; *Guracar, supra,* 111 Cal.App.5th at p. 348.) National Enterprise fails to identify anything indicating the Legislature "intended article III standing as the touchstone for standing to vindicate these rights in this state's courts." (*Chai, supra,* 108 Cal.App.5th at p. 1043.)

## DISPOSITION

The judgment is reversed. Kashanian is entitled to recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.


A171046; *Kashanian et al. v. National Enterprise Systems, Inc.*

Filed 10/1/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JIMMY KASHANIAN et al., <br><br>      Plaintiffs and Appellants, <br><br> v. <br><br> NATIONAL ENTERPRISE SYSTEMS, INC., <br><br>      Defendant and Respondent. | A171046 <br><br><br> (Lake County <br> Super. Ct. No. CV-416920) |

**ORDER CERTIFYING OPINION FOR PUBLICATION**
**[NO CHANGE IN JUDGMENT]**

**THE COURT***:

The opinion in this appeal, filed on September 8, 2025, was not certified for publication in the Official Reports. For good cause appearing, pursuant to California Rules of Court, rule 8.1105(b) and (c), the opinion is certified for publication. Accordingly, Attorney General's request for publication is GRANTED.

The order effects no change in the judgment.


Dated: <u>10/1/2025</u>           <u>Tucher .P.J.         </u>, P. J.

---

     * Tucher, P. J., Fujisaki, J., and Rodríguez, J. participated in the decision.

1

Superior Court of Lake County, Hon. Michael S. Lunas.

Consumer Law Center, Inc, Fred W. Schwinn, Raeon R. Roulston and Matthew C. Salmonsen for Plaintiffs and Appellants.

Housing and Economic Rights Advocates, Arthur D. Levy as Amicus Curiae on behalf of Plaintiffs and Appellants.

UC Berkeley Center for Consumer Law & Economic Justice, Seth E. Mermin, David S. Nahmias, and Jordan Hefcart as Amicus Curiae on behalf of Plaintiffs and Appellants.

Hinshaw & Culbertson, Justin M. Penn, Sara E. Franks, and Brian E. Wittemore for Defendant and Respondent.