Filed 12/29/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JUSTIN KIM,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>REINS INTERNATIONAL CALIFORNIA, INC.,<br><br>Defendant and Respondent. | B278642<br><br>(Los Angeles County<br>Super. Ct. No. BC539194) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kenneth R. Freeman, Judge. Affirmed.

Kingsley & Kingsley, Eric B. Kingsley, Ari J. Stiller and Lyubov Lerner for Plaintiff and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart, Spencer C. Skeen, Tim L. Johnson, Jesse C. Ferrantella and Jonathan H. Liu for Defendant and Respondent.

## INTRODUCTION

Appellant Justin Kim sued his former employer, Reins International California, Inc., alleging individual and class claims for wage and hour violations, and seeking civil penalties on behalf of the State of California and aggrieved employees under Labor Code section 2698 et seq., the Labor Code Private Attorneys General Act of 2004 (PAGA). Reins successfully moved to compel arbitration of Kim's individual claims. While arbitration was pending, Kim accepted an offer to settle his individual claims and dismiss those claims with prejudice. Reins then moved for summary adjudication on the PAGA claim, asserting that Kim was no longer an "aggrieved employee" because he had dismissed his individual claims against Reins, and therefore he no longer had standing to assert a claim under the PAGA. The trial court granted Reins's motion and entered judgment.

According to the PAGA, "'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (Lab. Code, § 2699, subd. (c).[1]) The question on appeal is whether Kim, after settling and dismissing his individual claims against Reins with prejudice, continued to have standing under the PAGA as an "aggrieved employee." We hold that Kim's dismissal of his individual Labor Code claims with prejudice foreclosed his standing under PAGA, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are largely undisputed. Reins operates one or more restaurants in California. Kim was employed by Reins as a

___

[1] All further statutory references are to the Labor Code unless otherwise indicated.

"training manager," a position Reins classified as exempt from overtime requirements. Kim sued Reins in a putative class action, alleging that training managers were salaried employees who worked between 50 and 70 hours per week, and should not have been classified as managers because they never performed any managerial tasks. In his first amended complaint (the operative complaint for purposes of appeal), Kim alleged causes of action for failure to pay wages and overtime; failure to allow meal and rest periods; failure to provide adequate wage statements pursuant to section 226, subdivision (a); waiting time penalties under section 203; unfair competition under Business and Professions Code, section 17200 et seq. (section 17200); and civil penalties under the PAGA pursuant to section 2699.

Kim signed an arbitration agreement when he began working for Reins in 2013. Based on this agreement, Reins moved to compel arbitration of Kim's individual claims, dismiss the class claims, and stay the PAGA cause of action until arbitration was complete. The trial court granted the motion to compel arbitration, reserved the issue of class arbitrability for the arbitrator, and stayed litigation on the PAGA claim and the claim for injunctive relief under section 17200.

While arbitration was pending, Reins served Kim with an offer to compromise under Code of Civil Procedure section 998. Kim accepted the offer. Pursuant to the parties' agreement, Kim dismissed his individual claims with prejudice and dismissed the class claims without prejudice, leaving only the PAGA cause of action intact. The court lifted the stay on the PAGA cause of action and set a date for trial.

Reins filed a motion for summary adjudication of Kim's PAGA cause of action. Reins argued that because Kim had

dismissed his individual causes of action against Reins, he was no longer an "aggrieved employee" under the PAGA and therefore could not maintain the PAGA cause of action. Kim opposed the motion, asserting that he did not lose PAGA standing by settling his individual claims against Reins.

The court granted the motion for summary adjudication, and then granted Reins's oral motion to dismiss the case. In its tentative ruling, which the court adopted as its final ruling, the court reasoned, "Plaintiff, once he dismissed his claims with prejudice pursuant to the [Code of Civil Procedure] §998 offer, was no longer suffering from an infringement or denial of his legal rights. His rights have been completely redressed. He no longer is aggrieved." The court also stated that Kim "ceased being an aggrieved employee by virtue of his settlement. Under these circumstances, he no longer has standing to bring a PAGA claim." At the hearing, as the court dismissed the case, it encouraged the parties to appeal: "The case is dismissed, and I encourage you to take it up and educate us all on what we should do in the future."

The court entered judgment in favor of Reins. Kim timely appealed.

## DISCUSSION

The issue in this case is straightforward: After an employee plaintiff has settled and dismissed individual Labor Code causes of action against the employer defendant, does the plaintiff remain an "aggrieved employee" with standing to maintain a PAGA cause of action? We hold that where an employee has brought both individual claims and a PAGA claim in a single lawsuit, and then settles and dismisses the individual employment causes of action with prejudice, the employee is no

4

longer an "aggrieved employee" as that term is defined in the PAGA, and therefore that particular plaintiff no longer maintains standing under PAGA.

The proper interpretation of a statute and the application of the statute to undisputed facts are questions of law, which we review de novo.  (See, e.g., *Smith v. Superior Court* (2006) 39 Cal.4th 77, 83; *Lazarin v. Superior Court* (2010) 188 Cal.App.4th 1560, 1569.)

## A.     PAGA background

The Legislature enacted the PAGA in 2003.  (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 980 (*Arias*).)  In doing so, "[t]he Legislature declared that . . . it was . . . in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts."  (*Ibid.*)  "[T]he Legislature's purpose in enacting the PAGA was to augment the limited enforcement capability of the [Labor and Workforce Development] Agency by empowering employees to enforce the Labor Code as representatives of the Agency."  (*Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 59 Cal.4th 348, 383 (*Iskanian*).)

The PAGA therefore "authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations (Lab.Code, § 2699, subds. (a), (g)), and an action to recover civil penalties 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties' [citation]."  (*Arias, supra,* 46 Cal.4th at p. 986.)  "A PAGA representative action is therefore a type of *qui tam* action. . . . The government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit."  (*Iskanian, supra,*

5

59 Cal.4th at p. 382.) "Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the 'aggrieved employees.' ([Lab. Code] § 2699, subd. (i).)" (*Arias, supra*, 46 Cal.4th at pp. 980-981.)

## B.  PAGA's standing requirement

"PAGA imposes a standing requirement; to bring an action, one must have suffered harm. [Citations.]" (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 558.)  An action may be brought "by an aggrieved employee on behalf of himself or herself and other current or former employees." (§ 2699, subd. (a).)  "'[A]ggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (*Id*., subd. (c).)

To determine whether Kim fits the definition of "aggrieved employee" in section 2699, we look to the language of the statute. "Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . .  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

The parties do not dispute that Kim was employed by Reins.  Kim alleged in his first amended complaint that he was a person against whom Labor Code violations were committed. Pursuant to his allegations, therefore, it appears that Kim was

6

an aggrieved employee at the time his complaint was filed. What is less clear, however, is whether Kim continued to be "aggrieved" once his individual Labor Code claims had been settled and dismissed.

The legislative history demonstrates that the term "aggrieved employee" was not initially defined in the original proposed language of section 2699. (Sen. Bill 796, introduced Feb. 21, 2003.) Employer groups opposing the bill expressed concerns that this type of statute could be abused by the filing of thousands of lawsuits against small businesses by members of the general public. (Judiciary Com., Analysis of Sen. Bill No. 796 (2003–2004 Reg. Sess. as amended Apr. 29, 2003, p. 6.) To address these concerns, the bill sponsors stated that "private suits for Labor Code violations could be brought only by an 'aggrieved employee'" and the bill "would not open private actions up to persons who suffered no harm from the alleged wrongful act." (Judiciary Com., Analysis of Sen. Bill No. 796 (2003–2004 Reg. Sess.) as amended Apr. 29, 2003, p. 7.) The bill was amended "[t]o clarify who would qualify as an 'aggrieved employee' entitled to bring a private action under this section," defining "aggrieved employee" to be "any person employed by the alleged violator . . . against whom one or more of the violations alleged in the action was committed." (Judiciary Com., Analysis of Sen. Bill No. 796 (2003–2004 Reg. Sess.) as amended Apr. 29, 2003, p. 8.)

## C. Kim did not maintain PAGA standing following his dismissal with prejudice

The legislative history makes clear that the PAGA was not intended to allow an action to be prosecuted by any person who did not have a grievance against his or her employer for Labor

7

Code violations. Here, Kim initially asserted that he had been harmed by Reins's alleged violations of the Labor Code. But by accepting the settlement and dismissing his individual claims against Reins with prejudice, Kim essentially acknowledged that he no longer maintained any viable Labor Code-based claims against Reins. As a result, following the dismissal with prejudice Kim no longer met the definition of "aggrieved employee" under PAGA. Kim therefore did not have standing to maintain a PAGA action against Reins, and Reins's motion to dismiss was properly granted.

Reins acknowledges that "Kim's voluntary dismissal of his Labor Code claims with prejudice impacts his PAGA standing only. It does not affect other employees." Kim states in his opening brief, "Settling with the individual employee for his separate individual [L]abor [C]ode claims does not prevent the state's claims from moving forward." We agree with both of these statements, and note that Kim's dismissal affects only *Kim's* standing as PAGA representative—it does not reflect on the veracity of the PAGA allegations asserted in Kim's complaint, nor the ability of any aggrieved employee in a position substantially similar to Kim's to assert such PAGA claims.[2]

We note that our holding is confined to the specific circumstances at issue in this case: Kim asserted both individual Labor Code claims and a PAGA claim in the same lawsuit, and he

[2] Reins also suggests in its brief that "dismissal with prejudice is a conclusive adjudication of the dismissed causes of action in the defendant's favor." To the extent Reins suggests that Kim's dismissal may operate as a finding on the merits regarding any alleged Labor Code violations under the PAGA, or that a PAGA claim by any other employee is somehow barred as a result of Kim's dismissal, we reject any such argument.

8

voluntarily chose to settle and dismiss his individual Labor Code claims with prejudice. Kim argues that affirming the trial court's dismissal of his PAGA claim accomplishes a "backdoor PAGA waiver" in violation of *Iskanian*. *Iskanian* held that "an employee's right to bring a PAGA action is unwaivable," and an employer defendant may not compel a plaintiff employee to arbitrate PAGA claims. (*Iskanian, supra,* 59 Cal.4th at p. 383.) Because the court here ordered the parties to arbitrate Kim's individual claims, and then dismissed the PAGA action after Kim and Reins settled the individual claims, Kim asserts that the court "essentially allowed Kim's arbitration agreement to waive his right to pursue a PAGA claim by keeping Kim's claim stayed during the compelled arbitration and then using Kim's settlement in arbitration as a bar to his right to continue with his PAGA claim."

We disagree. Kim's lack of PAGA standing is unrelated to the court's order to arbitrate the individual claims. Moreover, no findings were made by an arbitrator. Had Kim chosen to dismiss his individual claims with prejudice in the absence of any arbitration agreement, we would reach the same conclusion. Kim's acknowledgement that he no longer has any viable Labor Code claims against Reins—not the order relating to arbitration—is the fact that undermines Kim's standing. The effect of arbitration on PAGA standing is not presented in this case, and we do not decide any such issue here.

## DISPOSITION

The judgment is affirmed.  Reins is entitled to costs on appeal.

## CERTIFIED FOR PUBLICATION


COLLINS, J.

We concur:


EPSTEIN, P. J.


MANELLA, J.