**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD SHOOK and HERSCHEL BERRINGER, | No.    17-15322 |
| Plaintiffs-Appellants, | D.C. No. 1:14-cv-01415-WBS-BAM |
| v. | |
| INDIAN RIVER TRANSPORT CO., a Florida corporation and DOES, 1-10, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted March 16, 2018
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,[**] Senior District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

**1.** The district court correctly held that Indian River Transport Company's (IRT) payment pursuant to California Labor Code § 226.2's safe harbor provision bars most of the plaintiffs' Labor Code, Private Attorneys General Act (PAGA), and Unfair Competition Law (UCL) claims. The safe harbor bars the plaintiffs' claims concerning actions taken before and on December 31, 2015, that relate to the timely and full payment of wages, Cal. Labor Code § 203; the form of wage statements, *id.* § 226; the failure to compensate separately for rest breaks, *id.* § 226.7; and compliance with California minimum wage law, *id.* § 1194; 8 C.C.R. § 11090. *See* Cal. Labor Code § 226.2(b). The safe harbor payment extinguished liability for all "time periods prior to and including December 31, 2015." *Id.* The safe harbor payment also barred the PAGA and UCL claims predicated on the extinguished Labor Code claims because the safe harbor covers "any claim . . . for recovery of . . . statutory penalties, or civil penalties." *Id.*

**2.** The district court properly concluded that the plaintiffs' surviving rest break claims fail because IRT did not violate California rest break law. The plaintiffs alleged that IRT did not make rest breaks available and discouraged its drivers from taking rest breaks. The district court found, based in part on its negative assessment of the key witness's credibility, that IRT neither made rest

breaks unavailable nor discouraged drivers from taking rest breaks.[1]  Those

findings are not clearly erroneous.  Because the plaintiffs did not prove that IRT

violated California rest break law, they cannot recover PAGA or UCL penalties

predicated on the rest break claims.

**3.**  Finally, the district court properly held that the plaintiffs lack standing to

pursue claims based on IRT's conduct after December 31, 2015, the cut-off date

for protection under the safe harbor.  *See id.*  The plaintiffs lack standing to assert

claims for conduct occurring during this time period because they did not work for

IRT after the safe harbor period ended.  For the same reason, they also lack

standing to maintain a PAGA action as an "aggrieved employee."  Cal. Labor Code

§ 2699(c); *see Kim v. Reins Int'l Cal., Inc.*, 227 Cal. Rptr. 3d 375, 379 (Ct. App.

2017) (holding that, to be an aggrieved employee, the plaintiffs must have a

"viable Labor Code-based claim").  The plaintiffs lack viable Labor Code-based

claims against IRT because they lack standing to bring such claims.  As a result,

the plaintiffs cannot be the PAGA representatives for claims predicated on conduct

occurring after December 31, 2015.  *See id.*

**AFFIRMED.**

---

[1]  The district court correctly held that the plaintiffs did not allege in their
complaint that IRT failed to advise them of their right to take rest breaks.