NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YURIRIA DIAZ,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>MACY'S WEST STORES, INC. DBA<br>MACY'S,<br><br>                Defendant-Appellee. | No.   20-55011<br><br>D.C. No.<br>8:19-cv-00303-ODW (MAAx)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted November 19, 2020[**]
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and PRESNELL,[***]
District Judge.

Yuriria Diaz ("Diaz") appeals the district court's grant of Macy's West

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

Stores, Inc. dba Macy's ("Macy's") Motion to Dismiss for Diaz's lack of Article III standing to bring a California Private Attorney General Act ("PAGA") claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

In her initial complaint, Diaz asserted class and individual claims for California Labor Code violations and a representative claim under PAGA in the district court against her former employer, Macy's. Diaz subsequently filed an amended complaint dismissing her class and individual claims against Macy's due to an arbitration agreement. Diaz only asserted the representative PAGA claim in her amended complaint.

The district court dismissed her PAGA claim for lack of standing, relying on a California appellate court decision holding that plaintiffs whose individual claims are dismissed with prejudice cannot bring PAGA claims because they are no longer "aggrieved employees" as defined by the statute. *Kim. v. Reins Int'l Cal., Inc.*, 227 Cal. Rptr. 3d 375, 378-80 (Ct. App. 2017). The California Supreme Court has since reversed this decision and Macy's now concedes that Diaz has standing. *Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1133-35 (Cal. 2020). Diaz thus qualifies as an "aggrieved employee" and has standing to bring a PAGA claim. *See id.*

In its Motion to Dismiss, Macy's also alleged that Diaz failed to exhaust her administrative notice requirements under PAGA. The district court did not reach

this issue in its order. Although the parties have fully briefed the issue and this Court may properly consider it, we decline to do so here where the district court has not had the opportunity to rule. We reverse the district court's dismissal and remand for further proceedings.

**REVERSED and REMANDED.**

20-55011