Filed 9/30/22 Hensley v. Medely CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JEAN HENSLEY, | B311571 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STCV10238) |
| v. | |
| MEDELY, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Yolanda Orozco, Judge. Reversed with directions.

K&L Gates, Eugene Ryu and Penny Chen for Defendant and Appellant.

Aegis Law Firm, Samuel A. Wong, Kashif Haque, Jessica L. Campbell and Fawn F. Bekam for Plaintiff and Respondent.

_____

Appellant Medely, Inc. operates an online platform to help healthcare workers seeking jobs connect with medical facilities needing workers. Respondent Jean Hensley found jobs through Medely's platform. Despite agreeing to arbitrate disputes under the Federal Arbitration Act (FAA) (9 U.S.C.S. § 1 et seq.), Hensley sued Medely on behalf of herself and others under the Private Attorneys General Act of 2004 (PAGA) for alleged Labor Code violations. (Lab. Code, § 2698 et seq.)[1]

The Supreme Court recently held that an employer is entitled under the FAA to compel arbitration of an employee's individual claims, separate and apart from PAGA claims alleged on behalf of others. (*Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. ___ [142 S.Ct. 1906, 213 L.Ed.2d 179] (*Viking*).) Following *Viking,* we reverse the order denying Medely's motion to compel arbitration and direct the court to enter a new order requiring Hensley to arbitrate her individual claims.

## FACTS AND PROCEDURAL HISTORY

### *Hensley's Lawsuit*

Hensley used Medely's online platform to find nursing work at healthcare facilities. Medely classified her as an independent contractor. Hensley filed suit in 2019 "on behalf of herself and all other aggrieved employees employed by [Medely] through[out] California." She seeks civil penalties under PAGA for willful employment misclassification and failure to pay overtime wages, provide meal periods or rest breaks, provide accurate itemized wage statements, maintain accurate records, timely pay wages or reimburse business expenses.

---

[1] Undesignated statutory references are to the Labor Code.

### *Medely's Motion to Compel Arbitration*

Medely, a software company, has an online platform that healthcare professionals use to find short term jobs at medical facilities. To access the platform, professionals create accounts and agree to the terms of a service agreement (Agreement). Each time users book jobs, they must reconfirm their acceptance of the Agreement. Medely's chief executive Waleed Nasr declares that that Hensley created an account in July 2017 and booked six jobs using Medely's platform. Each time, Hensley logged onto her account and reconfirmed her consent to the Agreement.

The Agreement's introduction reads: "[D]isputes between us to be submitted to binding and final arbitration. (1) You will only be permitted to pursue claims and seek relief against us on an individual basis, not as a plaintiff or class member in any class or representative action or proceeding; and (2) you are waiving your right to seek relief in a court of law and to have a jury trial on your claims." Section 17, the Agreement's arbitration clause, states that it is governed by the FAA.

The Agreement denies any employment relationship with professionals or medical facilities or "a partnership or agency relationship between the Medical Facility and Medely. . . . Medely does not, in any way, supervise, direct or control the Professional's work or services performed in any manner. Medely does not set the Professional's work hours and location of work, nor is Medely involved in determining the type or manner of compensation." Professionals "acknowledge and agree that there is no employment, part-time employment, consulting, contractor, partnership, or joint venture relationship whatsoever between you and us. Medely is not an employment service or agency and does not secure employment for you."

3

Medely asked the court to compel arbitration of Hensley's lawsuit or, under a delegation clause, the issue of whether she was misclassified as an independent contractor. In opposition, Hensley asserted that she did not agree to arbitrate; that predispute waivers of PAGA claims are invalid; and Medely waived the right to arbitrate.

### *The Court's Rulings*

The court initially granted Medely's motion to compel arbitration. It found that Medely proved the existence of an arbitration agreement: Hensley clicked on a button to manifest assent to the Agreement, first to create her account then each time she booked jobs. The court found that the Agreement delegates authority to the arbitrator to resolve whether Hensley was properly classified as an independent contractor.

Over a month later, Hensley petitioned for reconsideration. Medely opposed the motion, arguing that it was untimely and the new case law Hensley cited did not change existing law on PAGA.

On reconsideration, the court denied the motion to compel arbitration. It acknowledged that Medely proved the existence of an arbitration agreement and Hensley agreed to it multiple times. However, because there is no agreement to arbitrate between Medely and the state of California, Hensley is "deputized" to represent the state in the PAGA action.

## DISCUSSION

### 1. Appeal and Review

Appeal lies from denial of a motion to compel arbitration. (Code Civ. Proc., § 1294, subd. (a).) We independently construe the Agreement on de novo review. (*Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 707; *Eminence Healthcare, Inc. v. Centuri Health Ventures, LLC* (2022) 74 Cal.App.5th 869, 875.)

4

## 2. Ruling on Reconsideration

Medely argues that the trial court erred by reconsidering its decision to correct a "potential misinterpretation of the law" caused by Hensley's failure "to raise all arguments and authority." The court did not rely on Code of Civil Procedure section 1008 because reconsideration was not sought within the 10-day statutory time frame. Instead, it exercised its inherent authority to "correct its own errors," citing *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107 [on its own motion, court may reconsider prior interim orders to correct errors]. The court was entitled to use its core power in this manner. (*Id.* at p. 1104.)

There is no basis for reversal owing to a procedural defect. (Cal. Const., art. VI, § 13 [judgment cannot be set aside for procedural error unless it resulted in a miscarriage of justice].) Medely was not deprived of notice or an opportunity to be heard before the court ruled. In any event, we independently review the ruling with full briefing by the parties, curing any procedural error below. (*Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667, 683.)

## 3. PAGA Civil Actions

PAGA allows "an aggrieved employee on behalf of himself or herself and other current or former employees" to seek civil penalties for labor violations, after exhausting administrative procedures. (§§ 2699, subd. (a), 2699.3, 2699.5.) " '[A]ggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (§ 2699, subd. (c).) The employee acts on behalf of the state to redress Labor Code violations. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 986.)

## 4. The *Viking* Case

When the trial court ruled, governing law barred splitting a PAGA action into arbitrable "individual" claims and non-

5

arbitrable "representative" claims. (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 383 (*Iskanian*); *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 88 ["courts have rejected efforts to split PAGA claims into individual and representative components"].) This aspect of *Iskanian* was recently overruled in *Viking, supra,* 142 S.Ct. 1906.

The Supreme Court held that California "cannot condition the enforceability of an agreement to arbitrate on the availability of a procedural mechanism that would permit a party to expand the scope of the anticipated arbitration by introducing claims that the parties did not jointly agree to arbitrate." (*Viking, supra,* 142 S.Ct. at p. 1923.) "A state rule imposing an expansive rule of joinder in the arbitral context would defeat the ability of parties to control which claims are subject to arbitration. Such a rule would permit parties to superadd new claims to the proceeding, regardless of whether the agreement between them committed those claims to arbitration." (*Id.* at p. 1924.)

The FAA preempts *Iskanian* to the extent "it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." (*Viking, supra,* 142 S.Ct. at p. 1924.) "*Iskanian*'s indivisibility rule effectively coerces parties to opt for a judicial forum rather than 'forgo[ing] the procedural rigor and appellate review of the courts to realize the benefits of private dispute resolution.' " (*Id.* at p. 1912.) Thus, under the FAA plaintiffs can, in fact, be compelled to arbitrate their individual PAGA claims.

### 5. The Agreement Requires Individual Arbitration

The FAA governs the Agreement's arbitration clause. Parties may "*expressly* designate" the FAA in their agreement. (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 394.) Thus, the FAA controls our interpretation of the Agreement. (*Prima Donna Development Corp. v. Wells Fargo*

*Bank, N.A.* (2019) 42 Cal.App.5th 22, 35 (*Prima Donna*); *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1121–1122.)

In plain language, the Agreement requires arbitration of individual claims. Users of Medely's platform must submit to arbitration "on an individual basis." Section 17.1 reads: "[Y]ou are agreeing in advance that you will not participate in or seek to recover monetary or other relief in any lawsuit filed against Medely alleging class, collective, and/or representative claims. . . . Instead, by agreeing to arbitration, you may bring your claims against Medely in an individual arbitration proceeding." Section 17.5 repeats that "all claims and disputes within the scope of this arbitration agreement must be arbitrated on an individual basis and not on a class basis, only individual relief is available, and claims of more than one user cannot be arbitrated or consolidated with those of any other user."

Medely is "entitled to enforce the agreement insofar as it mandated arbitration of [Hensley's] individual PAGA claim[s]." (*Viking, supra,* 142 S.Ct. at p. 1925.) The arbitrator will necessarily decide if Hensley is an "aggrieved employee" (§ 2699, subd. (c)) or bar her from asserting PAGA if it finds that she is not an employee. (*Henry Schein, Inc. v. Archer & White Sales, Inc.* (2019) 586 U.S. ___, ___ [139 S.Ct. 524, 529, 202 L.Ed.2d 480] [contract may delegate to an arbitrator the gateway issue of arbitrability]; *Trinity v. Life Ins. Co. of North America* (2022) 78 Cal.App.5th 1111, 1122.).)

### 6. Severability Clause

The FAA does not preempt *Iskanian*'s rule prohibiting the "wholesale waiver of PAGA claims." (*Viking, supra,* 142 S.Ct. at p. 1924.) The Agreement does not explicitly state that users waive PAGA claims. And even if the Agreement's ban on representative claims is construed as an impermissible waiver of

PAGA claims, its section 17.6 allows any invalid or unenforceable parts to "be severed and the remainder of the Arbitration Agreement shall continue in full force and effect."

When a severability clause removes parts of an agreement that are invalid in some respect, any part of the agreement that remains valid must still be enforced in arbitration. "Based on this [severability] clause, [Medely] was entitled to enforce the agreement insofar as it mandated arbitration of [Hensley]'s individual PAGA claim[s]." (*Viking, supra,* 142 S.Ct. at p. 1925.)

### 7. Hensley Forfeited Her Unconscionability Claims

After Hensley filed a respondent's brief, the Supreme Court decided *Viking*. We asked Hensley's counsel "to file an informal letter brief discussing the *Viking River* decision and appellant's arguments regarding that decision." Ignoring the limited scope of her task, Hensley's counsel devoted nearly the entire brief to the issue of unconscionability. Counsel concedes she is raising unconscionability "for the first time." We did not authorize counsel to raise a new issue in the letter brief.

Hensley forfeited the issue of unconscionability. (*Prima Donna, supra,* 42 Cal.App.5th at p. 42 [plaintiff forfeited unconscionability as a defense to an arbitration agreement by failing to raise the issue in the trial court].) It is far too late to assert unconscionability just before oral argument.

## DISPOSITION

The order denying appellant Medely's motion to compel arbitration is reversed. The trial court is directed to issue an order compelling respondent Hensley to arbitrate her individual claims against Medely and to stay her non-individual PAGA claims pending completion of the arbitration.

The parties to bear their own costs on appeal.

NOT TO BE PUBLISHED.


                                        LUI, P. J.

We concur:



CHAVEZ, J.



HOFFSTADT, J.

9