Filed 2/13/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID CHAI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VELOCITY INVESTMENTS, LLC, et al.,<br><br>    Defendants and Respondents. | H051485<br>(Santa Clara County<br>Super. Ct. No. 20CV373916) |

Under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)[1] (Act), California regulates how debt buyers may collect delinquent consumer debts that the original creditors have declared a loss and sold. The Act prohibits a debt buyer from writing to a consumer to collect such a debt unless the debt buyer possesses and can promptly produce sufficient records of the debt, the consumer's liability for that debt, and the debt buyer's entitlement to collect instead of the original creditor. (See § 1788.52, subds. (a)–(c).) To ensure consumers have meaningful access to those records, the Act also requires that the debt buyer's first written communication to the consumer inform the consumer of the right to obtain those records and how to request them. (§ 1788.52, subd. (d)(1).) And the Act authorizes private enforcement of its requirements, making a debt buyer liable to the consumer for "the sum of" (1) "[a]ny actual damages" from the

---

[1] Undesignated statutory references are to the Civil Code.

debt buyer's violation of the Act and (2) "[s]tatutory damages" between $100 and $1,000. (§ 1788.62, subd. (a).)

Plaintiff David Chai's appeal from a defense judgment on the pleadings calls for us to determine whether a consumer must establish actual damages from a debt buyer's violation of the Act to pursue a claim for statutory damages. In our independent judgment, nothing in section 1788.62 conditions a consumer's individual or class claim for statutory damages on the availability of actual damages. We will accordingly reverse the judgment.

## I.     BACKGROUND

We take our factual summary from Chai's complaint, accepting as true all well-pleaded material facts. (See *Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298 (*Dunn*); see also *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)

Velocity, a debt buyer, purchased consumer debt incurred by Chai that original creditor Citibank, N.A. had "charged off" as a loss.[2] Velocity through its agent sent Chai a written communication about the debt but omitted the required notice of Chai's right to request records.

Suing for violation of the statute in his individual capacity and as representative of a putative class, Chai sought statutory damages under section 1788.62, subdivision (a)(2) but disclaimed any "concrete injury" from Velocity's violation of the Act. Alleging that Velocity's defective letter represented its standard practice, Chai sought as class relief an award of additional damages under section 1788.62, subdivision (b). The trial court certified a class of persons with California addresses to whom Velocity's agent had sent

_____

[2] Chai generally denies in his complaint any debt to the original creditor but bases his claims on Velocity's attempt to collect "alleged" debt.

2

substantially similar initial communications to collect consumer debt originally owed to the same creditor.

Moving for judgment on the pleadings, Velocity disputed Chai's standing to sue because Chai admitted Velocity's violation of section 1788.52 caused him no concrete injury. The trial court granted the motion and entered judgment for Velocity, ruling that section 1788.62 permits only a consumer who has suffered "injury in fact"—"actual damage, pecuniary or otherwise"—to sue under the Act.

Chai timely appealed.

## II.   DISCUSSION

The requirement of standing "ensures that 'courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor.' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 83 (*Kim*).) When the dispute is a statutory cause of action, "standing rests on the provision's language, its underlying purpose, and the legislative intent." (*Ibid.*) So we look first to the plain language, " 'constru[ing] the words of a statute in context, and harmoniz[ing] the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole.' " (*Ibid.*) If " 'the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history.' " (*Ibid.*) When the ostensible object is protection of the public, we " 'broadly construe[] [the statute] in favor of that protective purpose.' " (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 530.)

Interpreting the Act de novo (see, e.g., *People v. Walker* (2024) 16 Cal.5th 1024, 1032; see also *Dunn*, *supra*, 135 Cal.App.4th at p. 1298), we read section 1788.62 as conferring standing on any person who, like Chai, pleads a debt buyer's violation of their rights under the Act. Accordingly, we find the trial court erred in conditioning Chai's standing to sue on injury beyond the violation of his statutory right.

3

**A.    *Section 1788.62***

The Act distinguishes between "[a]ny actual damages" attributable to a debt buyer's violation of the Act, "[s]tatutory damages," and "additional damages" if a debt buyer sued in a class action "engaged in a pattern and practice" of violating the Act. (§ 1788.62, subds. (a)–(b).)  The Legislature's description and treatment of these three categories of damages persuade us that it did not intend to require actual damages for standing to sue.

In an individual action, "a debt buyer that violates any provision of [the Act] with respect to any person shall be liable to that person" for "the sum of . . .  [¶]  (1) Any actual damages sustained . . . [and]  [¶]  (2) Statutory damages in an amount as the court may allow, which shall not be less than [$100] nor greater than [$1,000]."  (§ 1788.62, subd. (a).)

The meaning and math of this provision are plain.  Individuals are of course entitled to actual damages if "[a]ny"—and without limitation.  (§ 1788.62, subd. (a)(1).)  But "the sum of" actual and statutory damages signifies that actual damages only add to a debt buyer's liability under the Act, not that the absence of actual damages negates it. The Legislature could have set statutory damages as a percentage or product of actual damages, leaving zero entitlement to statutory damages when actual damages were nonexistent.  It did not:  Instead, the Legislature left the court discretion to award statutory damages within the prescribed range of $100 to $1,000, without requiring or even suggesting the court factor the actual damages in deciding what statutory damages to allow.  Whether actual damage from the informational injury is nonexistent or else fully compensated under section 1788.62, subdivision (a)(1), an offending debt buyer is liable to the consumer for statutory damages "not less than [$100] nor greater than [$1,000]."  (§ 1788.62, subd. (a)(2).)  Statutory damages, then, follow from a debt buyer's violation of the Act "with respect to" the consumer—the only injury necessary to standing.  (See § 1788.62, subd. (a).)

4

Rather than condition a debt buyer's liability for violating the Act on the happenstance of actual injury to the consumer involved, the Legislature shifted the burden to the offending debt buyer: The statute provides debt buyers with an affirmative defense when "the violation was not intentional and resulted from a bona fide error, and occurred notwithstanding the maintenance of procedures reasonably adopted to avoid any error." (§ 1788.62, subd. (e).) An offending debt buyer will thus be held liable for statutory damages unless it can demonstrate its good faith and reasonableness "by a preponderance of evidence." (*Ibid*.)

In a class action under the Act, actual damages are similarly inessential: An offending debt buyer "shall be liable for any statutory damages for each named plaintiff" and, "[i]f . . . the debt buyer engaged in a pattern and practice of violating any provision of [the Act], the court may award additional damages to the class in an amount not to exceed the lesser of [$500,000] or [one] percent of the net worth of the debt buyer." (§ 1788.62, subd. (b).) The enumerated factors the court "shall consider" in deciding these "additional damages" include "the frequency and persistence of noncompliance by the debt buyer, the nature of the noncompliance, the resources of the debt buyer, and the number of persons adversely affected." (§ 1788.62, subds. (d), (b).) This enumeration omits any reference to "actual damages" or injury to consumers, focusing instead on the scope and nature of the misconduct, as well as the violator's resources.

Velocity's sole textual argument is that if the Legislature had intended to permit suit without actual damages, it would have used the term "statutory penalties" instead of "statutory damages." We acknowledge decisional law—under different statutes— distinguishing "damages" intended to compensate a plaintiff for injury from "penalties" intended to serve purposes such as punishment and deterrence. (See *Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667, 681 [discussing remedies for violation of Lab. Code, § 226, subd. (a)]; see also *Limon v. Circle K Stores Inc.* (2022) 84 Cal.App.5th 671, 700–703 (*Limon*) [distinguishing between damages and penalties

5

where a federal statute used both terms]; § 1788.30, subds. (a)–(b) [referring to "actual damages" and an additional "penalty"]; but see § 56.36, subd. (b)(1) [providing for "nominal damages" of $1,000 without proof of actual damages]; *Brown v. Mortensen* (2019) 30 Cal.App.5th 931, 941 (*Brown*) [explaining that nominal damages provision in § 56.36 functions as a penalty].)  But in section 1788.62 the Legislature treats "damages" broadly as a triad comprising (1) compensatory relief for "actual damages"; (2) additional individual relief in an amount of "statutory damages" set by the court within a prescribed range; and (3) a class award of "additional damages" based on enumerated "relevant factors" untethered from economic injury to the class or any member.[3]  (§ 1788.62, subds. (a)–(b), (d).)  Damages under the Act are thus (1) available upon a statutory violation; and (2) intended to do more than remedy actual injury.[4]  (See *Kaanaana v. Barrett Business Services, Inc.* (2021) 11 Cal.5th 158, 175 [explaining that the objective of harmonizing statutory language "does not authorize courts to rewrite statutes"].)

The Act expressly authorizes consumers who receive noncompliant collection letters to sue for the violation of their statutory rights, and nothing in the statute suggests that any injury beyond the noncompliance is required to impose civil liability per named plaintiff.  Because the statute is unambiguous, its plain meaning controls.  (*Kim*, *supra*, 9 Cal.5th at p. 83.)

Velocity asserts that a violation of section 1788.52, subdivision (d)(1) is too insignificant to give a plaintiff a beneficial interest in prosecuting a suit.  (See *Limon*,

---

[3] The statute allows courts to consider "other relevant factors" beyond those enumerated.  (§ 1788.62, subd. (d).)  We do not decide whether a trial court may consider the extent of "actual damages" as "[an]other relevant factor[]."

[4] Because " '[w]e usually "presume differences in language . . . convey differences in meaning" ' " (*Limon*, *supra*, 84 Cal.App.5th at p. 701), we understand "actual damages" and "statutory damages" to designate different categories of damage; otherwise "the sum of" the two would compensate a plaintiff who sustained "actual damages" twice for a single loss.

*supra*, 84 Cal.App.5th at pp. 699–700 [discussing beneficial interest].) But Velocity supplies no reason why this state's Legislature cannot create a statutory right, deem a violation of that right an injury sufficient to confer standing—independent of actual damages—and provide a modest monetary award as a remedy (or offset against the debt) for those motivated to pursue it. (See *Kim*, *supra*, 9 Cal.5th at p. 83.) Nor is the Act a novel exercise of this authority.

Labor Code section 226 is another instance where the Legislature established a statutory right to information, treated violation of that right as an injury, and provided a monetary award to remedy that purely informational injury: (1) subdivision (a) creates a right to an accurate itemized wage statement; (2) subdivision (e)(2)(A) "deem[s] [an employee] to suffer injury . . . if the employer fails to provide a wage statement"; and (3) subdivision (e)(1) creates a private right of action to recover "the greater of all actual damages or" a statutorily defined sum certain if an employee "suffer[s] injury as a result of [an employer's] knowing and intentional failure" to comply with the statute. This means an employee may satisfy the injury requirement by showing only that the employer failed to provide a wage statement, without showing actual economic injury resulting from the informational failure. (See *Naranjo v. Spectrum Security Services, Inc.* (2024) 15 Cal.5th 1056, 1070 [explaining that "[t]o 'suffer injury' " in this context "is not quite what it sounds like" because, for example, "an employee is deemed to be injured if the employer . . . fails to provide any wage statement"].)

In section 56.36, the Legislature likewise authorized "either" $1,000 or actual damages, "or both," specifying that "it is not necessary that the plaintiff suffered or was threatened with actual damages" to recover the statutory "nominal damages." (§ 56.36, subd. (b)(1); see *Brown*, *supra*, 30 Cal.App.5th at p. 941 [discussing "nominal statutory damages" available without proof of actual damages or threat of injury under § 56.36].)

Conversely, had the Legislature intended to limit standing to plaintiffs who had sustained actual damages, it could have done so. The unfair competition law authorizes

7

private suits only "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." (Bus. & Prof. Code, § 17204; see also *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 321–322.) So with section 1788.62 we take the Legislature's abstaining from such limiting language to be deliberate.

At bottom, the Legislature in section 1788.52 created an informational right and permitted those who experienced a violation of that right to recover statutory damages, thereby giving Chai and similarly aggrieved consumers a beneficial interest in prosecuting the claim. (§§ 1788.52, 1788.62.)

**B.**   *The Legislative History*

Even if we were to consider Velocity's interpretation of the statute's plain language a reasonable alternative, the legislative history supports our reading.

Undermining Velocity's contention that the Legislature had no punitive purpose in prescribing statutory damages, the Legislative Counsel's Digest explains that the bill "prescribe[s] *penalties* for . . . violation of the act." (Legis. Counsel's Dig., Sen. Bill No. 233 (2013–2014 Reg. Sess.), italics added; see also Sen. Judiciary Com., Analysis of Sen. Bill No. 233 (2013–2014 Reg. Sess.) as amended Apr. 22, 2013, pp. 11–12 [describing "specific penalties and damages"].) And although proposed "per violation" language was removed from the statute before it was enacted, the purpose of this modification was to "award[] statutory damages of between $100 and [$1,000] per action, rather than per violation." (Sen. Banking & Financial Institutions Com., Analysis of Sen. Bill No. 233 (2013–2014 Reg. Sess.) as amended Apr. 1, 2013, p. 7.) Consistent with the plain language of the statute, the legislative history confirms the Legislature's intent that

a debt buyer that violates any provision of the Act be liable for statutory damages absent an affirmative defense.  (§ 1788.62, subd. (a).)[5]

## C.     Limon *and Article III Standing*

Velocity contends that we should apply *Limon* to require a greater beneficial interest akin to that imposed by article III of the federal Constitution.  (See *Limon*, *supra*, 84 Cal.App.5th at p. 698.)  But Velocity does not ground this assertion in either the Act's text or the Legislature's intent in enacting it; it would instead have us apply federal standing requirements for suing under a textually distinct federal statute to limit access to California courts to enforce California statutory rights.

*Limon* involved a claim under the federal Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681 et seq.).  (*Limon*, *supra*, 84 Cal.App.5th at p. 680.)  Under that statute, "Any person who willfully fails to comply with any requirement imposed under this [subchapter] with respect to any consumer is liable to that consumer in an amount equal to the sum of" (1) "any actual damages" *or* a statutorily prescribed "damages" figure; (2) "such amount of punitive damages as the court may allow"; and (3) attorney fees and costs.  (15 U.S.C. § 1681n(a)(1)–(3); see also 15 U.S.C. § 1681o [providing penalties for negligent noncompliance].)

Interpreting the FCRA, the *Limon* court opined that "an informational injury that causes no adverse effect is insufficient to confer standing upon a private litigant." (*Limon*, *supra*, 84 Cal.App.5th at p. 707.)  Rather, under *Limon*, an FCRA plaintiff must establish a " ' " 'beneficial interest that is concrete and actual, and not conjectural or hypothetical' " ' " that was invaded by the defendant's violation.  (*Id.* at p. 697.)  Crucial to the analysis in *Limon* was the court's determination that Congress in enacting the

---

[5] Having given notice, we take judicial notice of the legislative history materials cited in this paragraph.  (See *Gananian v. Wagstaffe* (2011) 199 Cal.App.4th 1532, 1541, fn. 9; *A.D. Improvements, Inc. v. Department of Transportation* (2024) 105 Cal.App.5th 1166, 1171–1172.)

FCRA intended that plaintiffs would be compensated only for concrete harm—whether a provable amount of actual damages or, where the damages "are 'difficult or impossible to quantify or prove,' " a statutory amount. (*Limon*, at p. 703, quoting *Gambles v. Sterling Infosystems, Inc.* (S.D.N.Y 2017) 234 F.Supp.3d 510, 523; but see *Santos v. Healthcare Revenue Recovery Grp., LLC* (11th Cir. 2024) 90 F.4th 1144, 1155 ["Every circuit to [interpret 15 U.S.C. § 1681n(a)(1)(A)] agrees that 'the plain language of the provision permits recovery of statutory damages in the absence of actual damages' "].) And the court in *Limon* exempted from its requirement of a beneficial interest "cases involving public standing or *where the statute at issue otherwise confers standing* on a plaintiff." (*Limon*, at p. 699, italics added; see also *Muha v. Experian Information Solutions, Inc.* (2024) 106 Cal.App.5th 199, 208 ["Plaintiffs do not claim the California Legislature expressly authorized FCRA claims by plaintiffs who have not been injured by the FCRA violations"].)

California's Act, unlike the federal FCRA as interpreted in *Limon*, does not prescribe statutory damages as a disjunctive *alternative* to "actual damages"; "the sum" requires "statutory damages" in addition to "[a]ny actual damages" in individual actions, and "additional damages" are available in class actions. (§ 1788.62, subds. (a)–(b).) *Limon*'s reading of the federal statute thus supplies no basis to deviate from the letter of California's Act.

Nor are we persuaded by Velocity's reliance on United States Supreme Court authority on standing to sue in federal court under article III of the United States Constitution. Velocity argues that to the extent federal authority interpreting federal statutes might guide our interpretation of the statute before us, *Spokeo, Inc. v. Robins* (2016) 578 U.S. 330 is more relevant than pre-Act authority because *Spokeo* changed federal standing law. But *Spokeo* has no bearing on the interpretation of the Act. The Legislature established these statutory rights pre-*Spokeo* and without any indication that

10

it intended article III standing as the touchstone for standing to vindicate these rights in this state's courts.

Velocity cannot dispute that California's Legislature has the power to grant litigants access to the state's own courts to vindicate rights the Legislature conferred. (See *Kim*, *supra*, 9 Cal.5th at p. 83.)  In the Fair Debt Buying Practices Act, the Legislature used that power to confer standing on the facts Chai alleged.

## III.   DISPOSITION

The judgment is reversed.  Chai is entitled to recover his costs.

_____

LIE, J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, Acting P. J.


_____

GROVER, J.


*Chai v. Velocity Investments, LLC, et al.*
H051485

Trial Court:      Santa Clara County Superior Court
                    Superior Court No.:  20CV373916

Trial Judge:     Hon. Theodore C. Zayner

Counsel:         Consumer Law Center, Frederick W. Schwinn, Raeon R. Roulston, Matthew C. Salmonsen, for Plaintiff and Appellant.

Barron & Newburger, Timothy P. Johnson, for Defendants and Respondents.

East Bay Community Law Center, Miguel Soto Jr., Sophia Wang, for Amicus Curiae for Appellant.

UC Berkeley Center for Consumer Law & Economic Justice et al., Seth Edward Mermin, David Sidney Shaffer Nahmias, for Amicus Curiae for Appellant.

Housing and Economic Rights Advocates, Arthur David Levy, for Amicus Curiae for Appellant.

*Chai v. Velocity Investments, LLC, et al.*
H051485